UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x
TIN YAT CHIN,

               Petitioner,

   -against-                     **MEMORANDUM AND ORDER**
                                      Case No. 08-CV-1735 (FB)

UNITED STATES OF AMERICA,

               Respondent.
---------------------------------------------------------x

*Appearances:*

| For the Petitioner: | For the Respondent: |
|---|---|
| TIN YAT CHIN, *pro se* | LORETTA E. LYNCH, ESQ. |
| #40795-053 | United States Attorney |
| Federal Correctional Institute | Eastern District of New York |
| Post Office Box 2000 | By:  ALI KAZEMI, ESQ. |
| Fort Dix, NJ 08640 |        Assistant United States Attorney |
| | 271 Cadman Plaza East |
| | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

        On October 25, 2009, the Court denied Tin Yat Chin's motion to vacate the judgment of conviction and sentence entered on February 16, 2006.[1] He has now submitted "additional evidence" in support of his argument that the crimes for which he was convicted were perpetrated by one "Frank Kan."

---

[1] Although Chin is designated as a "petitioner" in the caption, a request to vacate a judgment is made by motion. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a [federal] court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). The Court follows the statute's parlance.

Although not designated as such, Chin's submission is, in substance, a motion for relief from judgment based on newly discovered evidence. *See* Fed. R. Civ. P. 60(b)(2). Since Chin argues that the evidence requires reconsideration of a claim raised in his original § 2255 motion, his submission is not subject to the limitations on "second or successive" § 2255 motions. *See* 28 U.S.C. § 2255(h); *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (holding that Rule 60(b) motion is not successive § 2255 motion if it "attacks the integrity of the previous [§ 2255] proceeding rather than the underlying criminal conviction"). Therefore, the Court may address Chin's submission on its merits.[2]

As a prerequisite to obtaining relief based on newly discovered evidence, the moving party must show that the evidence "with reasonable diligence . . . could not have been discovered" before the time for seeking reconsideration expired. Fed. R. Civ. P. 60(b)(2). Chin's submission consists entirely of a narrative of "additional personal information" that he allegedly knows about Kan, whom he describes as an "old acquaintance[] back to the 1980's." Letter from Tin Yat Chin (Dec. 27, 2010) (unpaginated). He cannot possibly demonstrate, therefore, that the information was not available to him at the time of his § 2255 motion—or, indeed, at the time of his trial.

---

[2]Prior to filing his submission, Chin filed a notice of appeal of the Court's October 25th order. "[A] district court may entertain and deny a Rule 60(b) motion after an appeal has been taken." *New York v. National Servs. Indus., Inc.*, 208 F.R.D. 38, 40 (E.D.N.Y. 2002) (citing *Tolliver v. County of Sullivan*, 957 F.2d 47 (2d Cir. 1992), and *Ryan v. United States Lines Co.*, 303 F.2d 430 (2d Cir. 1962)).

Since Chin has not presented any newly discovered evidence, he is not entitled to relief under Rule 60(b)(2).

**SO ORDERED.**

s/ Judge Frederic Block

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 21, 2011