UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TIN YAT CHIN,

              Petitioner,

  -against-                    **MEMORANDUM AND ORDER**
                                  Case No. 08-CV-1735 (FB)

UNITED STATES OF AMERICA,

              Respondent.
------------------------------------------------------------x

*Appearances:*
*For the Petitioner:*                              *For the Respondent:*
TIN YAT CHIN, *pro se*                       LORETTA E. LYNCH, ESQ.
#40795-053                                          United States Attorney
Community First Services               Eastern District of New York
2416 Atlantic Avenue                      271 Cadman Plaza East
Brooklyn, NY 11233                        Brooklyn, NY 11201
                                                  By:  ALI KAZEMI, ESQ.
                                                            Assistant United States Attorney

**BLOCK, Senior District Judge:**

        Movant Tin Yat Chin was convicted of impersonating a federal employee and income-tax evasion.[1] The Court previously denied Chin's motion to vacate the judgment of conviction under 28 U.S.C. § 2255, *see* Mem. & O. of Oct. 19, 2009, and a motion for relief from the denial of the § 2255 motion pursuant to Federal Rule of Civil Procedure 60(b)(2), *see* Mem. & O. of May 23, 2011.

        Continuing to press his claim that the crimes of conviction were committed

---

[1] Although Chin is designated as a "petitioner" in the caption, a request to vacate a judgment is made by motion. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a [federal] court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). The Court follows the statute's parlance.

by one "Frank Kan," Chin now asks to "continue" his prior Rule 60(b)(2) motion, which the Court construes as a motion for reconsideration.[2] Since the motion for reconsideration claims error in the § 2255 proceeding, the Court may address it on the merits. *See* 28 U.S.C. § 2255(h) (requiring circuit-court preclearance of "second or successive" § 2255 motions); *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (motion is not successive § 2255 motion if it "attacks the integrity of the previous [§ 2255] proceeding rather than the underlying criminal conviction").

Chin's lengthy submission boils down to a litany of traits that allegedly make it more likely that Frank Kan—and not Chin—was the perpetrator of the crimes for which Chin was convicted. Chin claims, for example, that Kan looked like him and had a an intimate knowledge of his past. Chin then ties Kan to the perpetrator described by trial witnesses by claiming that Kan was involved in a jewelry business, had a distinctive way of holding papers and frequently traveled to and from China during the relevant time period. According to Chin, these similarities were discovered by private investigators hired by Chin's family.

As the Court explained in denying the Rule 60(b)(2) motion, Chin cannot claim that Frank Kan's existence is newly discovered evidence because he admits that he has know Kan since the 1980s. In response, Chin argues that the similarities between Kan

---

[2]Chin also invokes Rule 60(b)(6)—which allows relief from judgment for "any other reason that justifies relief"—and Rule 60(d)(1)—which allows a Court to "entertain an independent action to relieve a party from a judgement, order, or proceeding." Apart from the new evidence claim, however, he has not offered any other reason for reconsideration, making Rule 60(b)(6) inapplicable. Rule 60(d)(1) is inapplicable because this is not an independent action for relief from judgment.

and the perpetrator could not be discovered until a portrait of the latter emerged at trial. That may explain why Chin could not raise a mistaken identity defense at trial, but it does not explain why the similarities could not have been presented in his initial § 2255 motion, which was filed more than three years after the trial ended.  Chin admits that the private investigators were hired "[b]efore the submission of [his] 2255 petition," Mot. dated Jun. 21, 2011, at 5, but does not offer any reason why they could not complete their investigation and analysis within that time period.

In sum, the Court adheres to its conclusion that Chin has not offered any newly discovered evidence that could not, with reasonable diligence, have been discovered prior to the denial of his § 2255 motion.  Accordingly, his motion for reconsideration of the order denying his Rule 60(b)(2) motion is denied.

**SO ORDERED**

s/ _____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 13, 2012

3